UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JARVIS BROWN                                          CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.                     NO. 21-00462-BAJ-RLB

RULING AND ORDER

Before the Court is pro se Plaintiff's Complaint initially filed on August 11, 2021. (Doc. 1). The Magistrate Judge has issued a **Report and Recommendation (Doc. 4)**, recommending that the Court dismiss Plaintiff's complaint without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e. Objections to the report and recommendation were due on September 2, 2021.[1] Plaintiff filed his objection on September 7, 2021. (Doc. 5).

Plaintiff objects to the recommendation, asserting that "he followed the steps to take." (Doc. 5). Pursuant to 42 U.S.C. § 1997e, Plaintiff was required to exhaust all administrative remedies available to him at the prison *prior to* commencing a civil action in this Court with respect to prison conditions. The United States Court of Appeals for the Fifth Circuit has determined that a prisoner must exhaust

---

[1] In accordance with 28 U.S.C. § 636(b)(1), a petitioner has fourteen (14) days after being served with the Report within which to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. The failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will deprive a petitioner of the right, except upon grounds of plain error, to attack on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court. (Doc. 4).

1

administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

Here, Plaintiff's complaint admits that his grievance was still pending at the time he filed this lawsuit. (Doc. 1, p. 3). Moreover, the complaint shows that Plaintiff's grievance is backlogged. (Doc. 1-3, p. 2). Thus, from the complaint it is clear that Plaintiff failed to exhaust his administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e.

Having carefully considered Plaintiff's Complaint and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED, ADJUDGED, and DECREED** that the above-captioned action is **DISMISSED WITHOUT PREJUDICE,** with each party to bear its own costs.

Baton Rouge, Louisiana, this 27th day of July, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**